UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JASON E. MIZE                                                                  PLAINTIFF

v.                                                            CIVIL ACTION NO. 4:10CV-P119-M

JASON WOOSLEY et al.                                        DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Jason E. Mize, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

At the time pertinent to his complaint, Plaintiff was incarcerated at the Grayson County Detention Center (GCDC) as a pretrial detainee. Plaintiff sues in their individual capacities GCDC Chief Deputy Jason Woosley, GCDC Jailer Darwin Dennison, and GCDC Deputy Gail Basham. He states that on March 26, 2010, he was placed in administrative segregation by Defendant Woosley and Defendant Dennison and that in administrative segregation he was only allowed clothes, legal work, and hygiene items. He asserts that he was denied his right to order food and coffee from the commissary, have his radio, or watch television like the inmates in general population. He asserts that, according to the policies of GCDC, inmates in administrative segregation shall receive all privileges granted to the general population with the exception that certain materials or activities may be withheld if they constitute a safety threat. He asserts that Defendants Woosley and Dennison treated him like a disciplinary segregated prisoner (who are only allowed clothes, hygiene items, and legal work) when he had received no

disciplinary report or hearing.

Plaintiff next asserts that on August 20, 2010, Deputy Jennifer Johnson came to his cell and stated that he could no longer go to the law library, but asked him what he needed. Plaintiff states that he told her he needed copies of his legal documents made and that she took his legal work with her. He states that when she returned, she had not copied his legal documents and instead told him that Defendant Basham in the law library would not copy his legal work because she does not have to copy civil legal documents. Plaintiff asserts that it is an un-written policy of GCDC for the law library to read and refuse to copy any lawsuit filed against GCDC or its employees. Plaintiff alleges that Defendant Basham's refusal to copy his legal work is a violation of his Fourteenth Amendment right to due process and his First Amendment right to petition the government. As relief, Plaintiff wants monetary and punitive damages and a declaratory judgment as to what rights prisoners on administrative segregation have.

Plaintiff attaches copies of grievances, letters from and to his attorney in his pending criminal matter, and statements from other inmates housed in GCDC administrative segregation that they have been denied privileges granted to other inmates and that GCDC did not make copies of Plaintiff's legal work. In one of the responses to Plaintiff's grievance, Defendant Woosley stated that Plaintiff was "not on disciplinary charges therefore you will not have a hearing. You have all property that is allowed in isolation. You are not allowed to order commissary nor watch T.V. no matter why you are in seg." Plaintiff also attaches a document marked "Section 3.07 Administrative Segregation." That document states, "Inmates placed in administrative segregation shall receive all privileges granted to inmates in the general population (with the exception that certain materials or activities which may constitute a threat to

the inmate's own safety or the safety of the others, may be withheld)."

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Denial of right to order from the commissary, have a radio, or watch television***

The Due Process Clause of the Fourteenth Amendment provides that no state "shall deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. 14. Thus, the Constitution is implicated only if a person is deprived of an interest protected by the Due Process Clause. The Supreme Court has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court,

3

a prisoner is entitled to the protections of due process only when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995).

Plaintiff has not alleged a deprivation imposing an atypical and significant hardship such that the Due Process Clause is implicated. The Sixth Circuit has repeatedly held that placement into administrative segregation is not a qualifying hardship. *Rimmer-Bey v. Brown*, 62 F.3d at 791; .*Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). Nor are the other deprivations about which Plaintiff complains a qualifying hardship. Prisoners do not have any constitutionally protected right to watch televison or listen to the radio or make purchases from the commissary. *Mitchell v. Caruso*, No. 1:05-CV-728, 2007 WL 603399, at *7 (W.D. Mich. Feb. 22, 2007) (collecting cases); *Rogers v. Justice*, No. 5:05-CV-65, 2005 WL 2860989, at *1 (E.D. Tex. Oct. 31, 2005) (loss of commissary, telephone and visiting privileges does not trigger due process protection); *Glasshofer v. Jeffes*, CIV. A. No. 87-478,1989 WL 95360 at *2 (E.D. Pa. 1989) ("No court has recognized a federal constitutional right to the usage of radio and television by inmates."); *Lester v. Clymer*, CIV. A. No. 89-4287, 1989 WL 66621 at *2 (E.D. Pa. 1989) ("While it is not a subject of frequent litigation, it is nevertheless established that prisoners have no constitutional right to television.").

Because Plaintiff has not alleged a deprivation imposing an atypical and significant hardship he has not alleged a constitutional violation. His claim will therefore be dismissed for failure to state a claim.

*Claim regarding refusal to make copies of legal work*

Plaintiff claims that Defendant Basham in the law library would not copy his legal work because she does not have to copy civil legal documents and that there is an un-written policy of GCDC for the law library to read and refuse to copy any lawsuit filed against GCDC or its employee is a violation of his Fourteenth Amendment right to due process and his First Amendment right to petition the government

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). "'The right springs from the Due Process Clauses of the Fifth and Fourteenth Amendments and the right of petition found in the First Amendment,' as well as from the Privileges and Immunities Clause of Article IV." *Yarbrough v. Garrett*, 579 F. Supp. 2d 856, 869 (E.D. Mich. 2008) (internal citations omitted). The right of access to the courts is not unrestricted and does not mean that an inmate must be afforded unlimited litigation resources. *See Lewis v. Casey*, 518 U.S. 343, 352-55 606 (1996). There is no generalized "right to litigate" which is protected by the First Amendment, *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999), and an inmate claiming that he was denied access to the courts must show that he suffered an actual litigation-related injury or legal prejudice to a non-frivolous legal proceeding because of the actions of the defendants. *Lewis*, 518 U.S. at 349-51; *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Thus, not every infringement or inconvenience suffered by the litigating prisoner implicates this constitutional right.

Here, Plaintiff does not allege that any actual litigation was prejudiced or that his ability to access the court was affected by the alleged refusal to make legal copies. He does allege that

5

he was not able to file this lawsuit until he was moved to another facility because he could not meet the Court's requirement that he retain a copy of what he had filed nor could he have served the other parties with exact copies of what he filed since his request to have his complaint copied was denied. However, as was pointed out to Plaintiff by Defendant Woosley in response to his grievance on the subject, copies could be made by handwriting them. This claim will be dismissed for failure to state a claim.

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date:

cc:  Plaintiff, *pro se*
     Defendants
     Grayson County Attorney
4414.009